By the Court:
The right of'a sheriff to mileage for transporting an insane person to one of the state hospitals for the insane, is purely statutory; he is entitled to receive for such service whatever the statute allows, and nothing more.
The statute upon this subject, prior to April 8, 1892, reads as follows:
“The taxable costs and expenses to De paid ' under the provisions of this chapter shall be as follows: To the sheriff or other person than an assistant, for taking an insane person to the asylum, or removing one therefrom upon the warrant of the probate judge, mileage at the rate of ten cents per mile, going and returning, and seventy-five cents per day for the support of each patient on his journey to or from the asylum, and to each assistant, five cents per mile, and nothing *146 more; the number of miles to be computed in all cases by the nearest route traveled.”
The statute, it is clear, allowed five cents per mile to . each assistant that might accompany a sheriff in transporting an insane person to and from an asylum for the insane.
This statute, however, was amended on the 8th day of April, 1892, and as amended, contains the following provisions on this subject:
“The taxable costs and expenses to be paid under the provisions of this chapter, shall be as follows: To the sheriff for himself or assistant, or any other person than the assistant, for taking an insane person to the asylum, or removing one therefrom, upon a warrant of the probate judge, mileage at the rate of ten cents per mile, going and returning, and seventy-five cents per day for the support of each patient on his journey to or from the asylum, and nothing more for said services; the number of miles to be computed in all cases by the nearest route traveled.”
The claim to mileage for an assistant, rests solely upon the provisions of this amended section. It does not authorize any payment of mileage to the assistant in person; whatever is paid, goes immediately to the sheriff. The language is “the taxable costs” * * * “to be paid,” * * * “shall be as follows:” “To the sheriff for himself, or assistant, * * * mileage at the rate of ten cents per mile.” -It does not employ the word “each,” nor one of similar import to indicate a purpose to grant mileage on behalf of each. The grant is simply of ten cents per mile, and made to the sheriff “for himself, or assistant, or anjr other person than the assistant.” To enlarge this grant so as to confer a right on the sheriff *147 to mileage on account of the assistant — that is, so as to give the sheriff twenty cents per mile— instead of ten cents per mile, words must be construed into the section other than those selected by the legislature to declare its purpose. If this expression of the legislative will stood alone, we do not think it discloses an intention to allow a sheriff for this service a greater compensation than the specific allowance, and ten cents per mile “going and returning.” This provision of the statute, however, should be construed in the light afforded by a comparison of its provisions with those of the statute it repealed and superseded. When thus compared, it will appear that the former statute expressly allowed to the assistant, five cents per mile, and that the only material change effected by the repeal of the old and the enactment of the new section, is to eliminate the provision allowing to the assistant that rate of mileage.
If the purpose of the legislature had been to increase this allowance from five cents to ten cents per mile, the obvious and simple method to accomplish this end would have been to substitute the word “ten” for the word “five.”
This, however, was not done; instead, the entire clause allowing mileage to an assistant was omitted from the new section, and nothing equivalent to it substituted. This action, we think, very significant, and is sufficient to create in our minds a conviction that mileage to, or on account of an assistant, was purposely denied.
To speculate upon the possible reasons that contributed to this result, doubtless, would be without profit. Nevertheless, it is quite apparent that the legislature may have thought a. general *148 allowance of ten cents per mile to a sheriff, in such cases, was sufficient to fully compensate that officer for all services rendered in that behalf, although, occasionally he might be subjected to the expense of taking along an assistant.

Judgment affirmed.